JANE FRUGIA ET AL. V. TEXARKANA & FORT SMITH RAILWAY
COMPANY.

Decided October 25, 1904.

**1.—Railway Crossings—Duty to Look and Listen—Negligence Per Se.**
  Failure of a person to look and listen before going upon a railroad track
constitutes negligence per se only when, from all the circumstances, the fail-
ure to look and listen is so clearly opposed to the dictates of prudence that
all reasonable minds must agree that it shows a want of ordinary care.

**2.—Same—Same—Contributory Negligence—Question for Jury.**
  When the engine which struck deceased was being run at a higher rate
of speed than the ordinances of the city permitted, and the ·bell was not kept
ringing nor any headlight burning (the accident occurring at night), it was
a question for the jury whether deceased was guilty of contributory negli-
gence in failing to look and listen before going on the railroad track.

Appeal from the District Court of Jefferson. Tried below before
Hon. W. H. Pope.

*J. D. Wilkerson* and *Smith, Crawford & Sonfield,* for appellants.

*Greers, Nall & Neblett,* for appellee.

PLEASANTS, ASSOCIATE JUSTICE.—This suit was brought by Mrs.
Frugia for herself and minor children to recover damages for the death
of Zeb Frugia, her husband and the father of said minors.  The petition
charges that the death of said Zeb Frugia was caused by the negligence
of appellant in the operation of one of its trains in the city of Beaumont
on the night of the 18th day · of May, 1902, the specific acts of negli-
gence relied on for recovery being fully set out in the petition.

The defendant answered by general and special exceptions and general
denial and by special plea of contributory negligence.  Upon the trial
in the court below, after the evidence had been introduced, the trial
judge at the request of the defendant instructed the jury to return a
verdict in defendant's favor, and upon the return of such verdict judg-
ment was rendered in accordance therewith.

The only question presented upon this appeal is whether the evidence
is such as to justify the holding, as matter of law, that the deceased
was guilty of contributory negligence.  The evidence shows that de-
ceased was killed while crossing appellant's track in the city of Beau-
mont on the evening of May 18, 1902, at about fifteen minutes after
7 o'clock, by being struck by an engine drawing a passenger train on
appellant's railroad.  He was riding on horseback at the time he was
killed, on his way from the eastern portion of Beaumont to his home
at Spindle Top, two or three miles southwest of said city.  For some
distance before reaching the point at which he started across the rail-
road he had been riding along the side of the track, a few feet distant
therefrom, going in a southeastern direction.  Appellee's railroad track
through this portion of the city of Beaumont runs· northwest and south-

east. The train which struck the deceased was coming into the city from the southeast. There is evidence to the effect that the point on appellee's track at which the deceased was killed had been constantly used by the public as a crossing ever since the railroad was constructed, and no objection is shown to have been made by appellee to such use. There was, however, no public road or street crossing at this place, and no road or street leading up to this place of crossing. There is testimony from which the jury might have found that the train which killed the deceased was running at a rapid rate of speed without having its headlight burning and without ringing the bell of the engine or giving any warning of its approach. The ordinances of the city of Beaumont prohibit the running of trains within the city limits at a greater rate of speed than six miles an hour and require that the engine bell shall be kept constantly ringing during the time a train is moving through the city.

One witness testified that it was dark at the time the deceased was killed; that some rain was falling, and the wind was blowing hard from a northeastern direction. The track was unobstructed from the place at which deceased was struck for a half mile or more in the direction from which the train was coming. Two witnesses testified that they saw the train coming just before it struck the deceased and that it could have been seen from the place at which deceased was killed for the distance of one-fourth of a mile. No witness saw the deceased at the time he was killed. The place at which his body, and the body of his horse, which was also killed, were found, and the tracks of the horse along the side of the railroad and upon the railroad track, indicate that he must have turned and ridden upon the track almost immediately in front of the approaching train, or else he for some unexplained reason stepped upon the track and remained there until struck by the train. It is not shown that any of the operatives of the train saw deceased before the train struck him.

The doctrine that the failure of a person crossing a railroad track to look and listen for approaching trains constitutes negligence per se does not obtain in this State. Texas & P. Ry. Co. v. Murphy, 46 Texas, 356; Gulf C. & S. F. Ry. Co. v. Tirres, 8 Texas Ct. Rep., 529; Galveston H. & S. A. Ry. Co. v. Gasscamp, 69 Texas, 547; St. Louis S. W. Ry. Co. v. Matthews, 9 Texas Ct. Rep., 5, 79 S. W. Rep., 73.

The mere fact that if a person injured while crossing a railroad track had looked and listened before going upon the track he would have seen or heard the approach of the train by which he was injured in time to have avoided the injury does not necessarily charge such person with contributory negligence and prevent his recovery. In such case it is only when from all the circumstances of the situation the failure of the person injured to look and listen is so clearly opposed to the dictates of prudence as that all reasonable minds must agree that it shows a want of ordinary care that it becomes negligence as a matter of law.

In the present case there is, as before stated, sufficient evidence to sustain a finding that the deceased was not a trespasser upon appellant's track and that the train which struck and killed him was being operated in disregard of every rule of ordinary care and prudence and in direct violation of the positive law of the city of Beaumont. The deceased must be presumed to have known that the ordinances of the city required that appellant's train should not be run within the city limits at a greater rate of speed than six miles an hour, and that the engine bell should be kept constantly ringing during the time the train was moving within the city. He also knew that all trains are required to have a headlight on the engine when being operated after dark. When he started across appellant's track no bell was ringing to give him notice of the approaching train, and no headlight was burning on the engine and throwing its reflection in front of him. He had a right to expect and rely upon both these warnings, and failing to observe them, he evidently went upon the track without any suspicion that a rapidly moving train was approaching. If he had turned his face and looked down the track in the direction from which the train was coming he could have seen it and gotten out of its way. A very prudent and cautious person would no doubt have done this, but we do not think, under all the circumstances in evidence, that his failure to look in the direction from which the train was coming was an act of omission so opposed to common prudence that reasonable minds can not differ in the conclusion that no ordinarily prudent person would have been guilty of such omission.

We do not mean to hold or to intimate that the jury ought to find from the evidence that the deceased was not guilty of contributory negligence, but we think the evidence presents an issue of fact upon this question to be decided by the jury, and the trial court erred in instructing a verdict for the defendant.

The judgment of the court below will be reversed and the cause remanded, and it is so ordered.

*Reversed and remanded*