## BAKER v. BRIDGES.   (No. 2469.)

(Court of Civil Appeals of Texas. Texarkana. Dec. 22, 1921. Rehearing Denied Jan. 5, 1922.)

**1. Appeal and error ⊙═1068(3)—Incorrect definition of ordinary care and negligence held immaterial.**

Where it was not claimed that the evidence did not abundantly justify the finding of the jury on the issue of negligence, an assignment, complaining of error in the court's abstract definition of ordinary care and negligence, is without error.

**2. Negligence ⊙═141(3)—Definition of contributory negligence sufficient.**

A definition of contributory negligence in the charge, which, though not as full as it might have been, was sufficient to enable the jury to understand what contributory negligence as used in the charge meant, was sufficient.

Error from District Court, Smith County; J. R. Warren, Judge.

Action by L. J. Bridges against James A. Baker, receiver. Judgment for plaintiff, and defendant brings error. Affirmed.

Bulloch, Ramey & Story, of Tyler, and N. B. Morris, Dabney & King, and L. W. Morris, all of Houston, for plaintiff in error.

Johnson, Edwards & Hughes, of Tyler, for defendant in error.

HODGES, J. The judgment appealed from is for $650, the value of an automobile destroyed in a collision at a railway crossing in the town of Troup. The negligence relied on was the failure to ring the bell and blow the whistle as required by law, and running the train at a greater rate of speed than was permitted by the ordinances of the town of Troup. The evidence shows that the railroad at that point runs practically north and south. At the time of the accident Partney, the driver of the automobile, approached the crossing from the east. The main line of the railroad was obscured by an elevated icehouse and strings of box cars standing on the switch tracks, so that an approaching train could not be seen until the automobile was dangerously close to the tracks. Partney testified that he approached the crossing at a low rate of speed. He was unable to see an approaching train from his position on the truck. He looked as best he could, and listened for a train, but neither saw nor heard one. He stated that if the whistle had been blown or the bell rung he could have heard it; but, failing to hear anything that indicated that a train was approaching, he attempted to cross. When he discovered the train it was too close to avoid a collision.

The issues of negligence on the part of the train operatives were submitted to the jury, and found against the plaintiff in error. There is no contention in this appeal that the evidence was insufficient to warrant those findings.

The complaint is that Partney, the driver of the truck, was guilty of contributory negligence as a matter of law, and that a peremptory instruction should have been given in favor of the appellant. The assignment is overruled. The state of the evidence justified the court in submitting that issue to the jury, and the finding of the jury has abundant support in the testimony. Trochta v. M., K. & T. Ry. Co. (Com. App.) 218 S. W. 1038; Hines v. Arrant, 225 S. W. 767; Hines v. Messer, 218 S. W. 611, and cases cited.

[1] Plaintiff in error also complains that the court erred in the abstract definition of "ordinary care" and "negligence." The assignment is without merit. If the definition was incorrect, there is no contention that the

evidence does not abundantly justify the finding of the jury upon that issue.

[2] It is also contended that the court erred in defining "contributory negligence." While the definition was not, perhaps, as full as it might have been, it was sufficient to enable the jury to understand what "contributory negligence" as used in the charge meant. The assignment is overruled.

The judgment of the court below is affirmed.