**PAYNE, Agent, v. YOUNG et al.** (No. 814.)

(Court of Civil Appeals of Texas. Beaumont. May 19, 1922.)

**1. Railroads �köm=350(16)—Negligence in failing to look and listen question of fact.**

The law imposes on one who is about to go upon a railroad crossing the duty to exercise ordinary precaution for his safety, but there is no statute that requires him to either look or listen, and his failure to do so, does not of itself constitute negligence as a matter of law, but his negligence is a question of fact.

**2. Railroads �köm=324(3) — Automobile driver's violation of statute must be proximate cause of injury.**

The failure of the driver of an automobile to reduce his speed to not exceeding six miles, as provided by Acts 1917, c. 207, § 17 (Vernon's Ann. Pen. Code Supp. 1918, art. 820*l*), does not bar recovery for injuries at a crossing unless such negligence was the proximate cause of the injury.

**3. Railroads ⊦köm=350(32)—Proximate cause of injury at crossing question of fact.**

Where an accident occurred at a railroad crossing by reason of a collision between a train and an automobile, and it appeared that the railroad and the driver were both negligent, the proximate cause of the injury was a question of fact.

**4. Negligence ⊦köm=58—Test of proximate cause of injury stated.**

The test of whether a given act may be deemed the proximate cause of an injury is whether, in the light of all the attending circumstances, the injury was such as ought reasonably to have been anticipated as a consequence of the act.

**5. Railroads ⊦köm=348(6)—Finding for automobile driver on issue of contributory negligence sustained.**

In an action by an automobile driver for injuries at a crossing, facts *held* to support a finding that his negligence was not the proximate cause of his injuries.

Appeal from Harris County Court; John W. Lewis, Judge.

Action by J. H. Young and another against John Barton Payne, Agent, United States Railway Administration. From judgment for plaintiffs, defendant appeals. Affirmed.

Wilson & Woodul, John B. King, and Dabney & King, all of Houston, for appellant.

Atkinson & Atkinson, of Houston, for appellees.

O'QUINN, J. Suit by appellee against appellant for injuries to his person and damages to his automobile occasioned by a collision at a crossing on Loraine street in the city of Houston.

Briefly stated, the plaintiff alleged:

(1) That on May 12, 1918, he was riding in his automobile going in a westwardly direction on Loraine street in the city of Houston, and attempted to cross a railroad track which crossed said street; that in order to cross said tract it was necessary to go up an incline on said street; that his view of said railroad track to the north of said crossing was obstructed by numerous houses, barns, and other objects.

(2) That appellant was negligent in the

following particulars: (a) Failure to blow the whistle or ring the bell; (b) operating the train at an excessive rate of speed; (c) failure to keep a lookout; (d) failure to see appellee at the crossing and stop the train; (e) failure to maintain a watchman at said crossing; (f) failure of watchman to warn appellee, if one was provided; (g) violation of city ordinance of the city of Houston providing that no locomotive engine shall be operated within the city limits of the city of Houston in excess of a speed of six miles an hour.

(3) That his automobile was damaged by the collision in the sum of $233.74, and that he sustained personal injuries, for which he demanded $250.

Appellant answered by general demurrer, general denial, and specially that appellee was guilty of contributory negligence in that:

(a) Driving his automobile at such a rapid rate of speed as to not be able to stop same; (b) driving his automobile at a high rate of speed on a wet, slippery, asphalt pavement; (c) failure to have the car under control as he approached the crossing; (d) failure to comply with provisions of section 17, c. 207, Acts 1917, requiring a person to reduce the speed of his automobile not to ' exceed 6 miles per hour at some point not less than 30 feet from where the street crossed the track, said crossing being obscured, within the meaning of the act; (e) failure to look and listen; and (f) driving the car with defective brakes.

The case was tried before the court without a jury, and judgment rendered for appellee for $233.74 as damages to his automobile, from which appellant appeals.

The court made and filed the following findings of fact and conclusions of law:

"Findings of fact.

"Loraine street is a bitulithic street running east and west in the city of Houston, and crosses the tracks of Houston East & West T. Railway and the Gulf Coast lines in the city of Houston. It is a grade crossing, the grades starting about 75 feet east of the crossing, and being about 3 feet grade at the crossing. These railroad tracks run approximately north and south, the H. E. & W. T. track being the westerly track of said crossing, and the Gulf Coast tract being about eighty feet east of the H. E. & W. T. track. The H. E. & W. T. Railway maintains a flagman at its crossing at all times. Loraine street is used a great deal by the people of the city of Houston for all kinds of traffic, and a street car track goes down it, and crosses the railroad tracks. The view of the railroad tracks lying to the north of Loraine street to a person going west on Loraine street is obstructed by a number of houses, barns, fences, etc., the nearest to the track of the Gulf Coast lines being about 40 feet east of track. At the north about 600 feet distant from Loraine street is a crossing of the Texas & New Orleans Railroad and the

Gulf Coast Railway. The view to the south of the crossing on Loraine street is unobstructed several hundred feet to a person going west. The defendant did not maintain a watchman on this crossing at the time of the collision, but had employed one to begin work at this crossing on the day of the accident, he being employed to work from 7 a. m. to 7 p. m. as watchman at said crossing. Gulf Coast trains had been running on the Gulf Coast line on the day of the accident, and the train in this accident was the second International & Great Northern train coming into Houston over this track.

"On May 12, 1918, shortly before 7 a. m., the plaintiff was driving his car west on Loraine street, traveling about 10 or 12 miles per hour. At some little distance from the crossing plaintiff observed a motorcar going north on the H. E. & W. T. track, and threw his car into neutral, intending to cross the track of the defendant and to stop his car between the tracks of the H. E. & W. T. Railway and those of the defendant. When he passed the line of the nearest obstruction to his view on the right he observed an approaching passenger train, which was an I. & G. N. train, approaching from the north, and he immediately applied his brakes with full force, but was unable to stop his car in time to prevent being struck by the approaching train. The plaintiff was about 20 feet from the track when he first saw the I. & G. N. passenger train. At that time he had slowed down to about 10 miles an hour. He did not hear the whistle blown nor the bell rung, although his hearing was good. The train was about 75 feet away from the crossing when he saw it. His attention was attracted by the noise of the train, and he immediately applied his brakes with full force, but was unable to stop his car clear of the track, although his brakes were in good condition, and the automobile collided with the side of the engine or train. The automobile was knocked quite a distance, damaging it $233.74, which was the agreed reasonable charge for repairing it.

"The court finds that the passenger train was traveling in excess of 6 miles per hour within the corporate limits of the city of Houston at the time of the accident, and in violation of the city ordinance of Houston, and that no whistle was blown or bell rung on said train as it approached this crossing, and that the defendant did not maintain a watchman or flagman on this crossing at the time of the accident, although the defendant had employed one to begin his service as flagman at the crossing, who was to start work at 7 a. m. that morning.

"The court further finds that the plaintiff was in possession of all his faculties, that his hearing and eyesight were good and that the view on his right-hand side as he approached the crossing was obstructed up to within 40 feet of said crossing, and that he could not see the approaching train until after he passed this obstruction.

"The court further finds that the plaintiff understood that the Gulf Coast track had been used mainly as a transfer track, but he knew that trains were run thereupon at different times. He did not know that the I. & G. N. passenger train had started running over this line.

"The court further finds that plaintiff, after discovering the approach of said train, used every means in his power to bring his automobile to a complete stop; that in approaching said crossing his attention was on the motorcar of the H. E. & W. T. track, and that he could not see the passenger train coming on account of obstructions, but that he had relied on the engineer and fireman to give him warnings by blowing the whistle or ringing the bell.

"The court further finds that there was no flagman or gates maintained by the defendant at the crossing of Loraine street at the time of the accident.

### "Conclusions of Law.

"The court finds the defendant guilty of negligence in the following particulars:

"First. In operating said train at a speed in excess of 6 miles per hour in the city of Houston in contravention of a city ordinance of the said city of Houston.

"Second. In failing to blow the whistle or ring the bell in the city limits in contravention of a city ordinance of said city of Houston.

"Third. In failing to maintain a watchman or flagman at said crossing at the time of the accident.

"The court further finds that the plaintiff failed to bring his car down to a speed not to exceed 6 miles per hour at some point not less than 30 feet from said crossing, but that said failure to do so was not the proximate cause of the accident. The court finds that in operating said automobile the plaintiff used that degree of care that an ordinarily prudent person would have used under the same or similar circumstances.

"The court further finds that the acts of negligence upon the part of defendant, as hereinbefore mentioned, was the proximate cause of the plaintiff's damage, and that but for such negligence said collision would not have occurred, and the plaintiff's automobile would not have been damaged as herein shown. The court therefore finds that plaintiff is entitled to recover for damages to his car in the sum of $233.74 but is not entitled to anything for personal injuries."

Appellant has many assignments of error, but they all raise practically the same question, to wit: That appellee was guilty of contributory negligence as a matter of law, and that same was the proximate cause of his injuries. To these assignments appellee submits the following counter proposition:

"If, in approaching said railroad crossing, the plaintiff, J. H. Young, exercised such care, under all the facts and circumstances, as a reasonably prudent person would have exercised under the same or similar circumstances, then he was not guilty of contributory negligence."

Appellant's first proposition is:

"One who fails to look and listen before crossing a railroad track, and who relies wholly on the operatives of a train to protect him, is guilty of contributory negligence barring him from recovery, if by looking and listening he could have avoided the accident."

[1] The law imposes upon one who is about to go upon a railroad crossing the duty to exercise ordinary precaution for his own safety, but there is no statute in this state that requires a person about to cross a railroad track to either look or listen, and his failure to do so does not, of itself, constitute negligence as a matter of law. In such case the question is whether, under all the facts and circumstances, a reasonably prudent person would have done so, and is a fact to be found by the court or jury. Frugia v. Ry. Co., 36 Tex. Civ. App. 648, 82 S. W. 814; Trochta v. Railway (Tex. Com. App.) 218 S. W. 1038. In the Trochta Case the facts showed that Trochta was approaching a railroad crossing driving a wagon, and that while he was crossing the track he was run over and killed. The jury found that before driving upon the track he did not look, listen, or do any other act to discover the approaching train, but that his failure to do so did not constitute negligence on his part. The Court of Civil Appeals reversed and remanded the case, holding that under the facts Trochta was guilty of contributory negligence as a matter of law, but the Supreme Court granted a writ of error, and reversed the judgment of the Court of Civil Appeals, and affirmed the judgment of the lower court. Judge Phillips, in approving the judgment of the Commission of Appeals, said:

"Under the facts of this case there is in our opinion no warrant for not applying to it the general rule prevailing in this state, that the failure of one about to go over a public railroad crossing to look and listen for an approaching train, does not, of itself, constitute negligence as a matter of law.

"Here the question as to whether, under all the circumstances, Trochta was guilty of negligence in not looking or listening for the train, was for the jury. The jury determined it against the defendant.

"For this reason, as well as that announced in the opinion of the Commission of Appeals, the judgment of the Court of Civil Appeals is reversed and the judgment of the District Court is affirmed."

This holding was followed in Railway Co. v. Patella (Tex. Civ. App.) 222 S. W. 615, and Hines v. Arrant (Tex. Civ. App.) 225 S. W. 767.

[2] But appellant insists that appellee was guilty of contributory negligence because he failed to comply with the provisions of section 17, chapter 207, Acts 1917 (article 820*l*, Vernon's Ann. Penal Code Supp. 1918), in that he failed to reduce the speed of his motor vehicle to not exceed 6 miles per hour at some point not nearer than 30 feet from where the street crossed the railroad track, which negligence contributed to his injury, and hence he was not entitled to recover. The facts show, and the court found, that appellee did fail to reduce the speed of his car to 6 miles an

hour at a point not less than 30 feet from the crossing, and thereby found that appellee's failure to do so was not the proximate cause of his injury.

It is not enough that plaintiff may have been guilty of negligence in not observing the provisions of the statute mentioned in approaching the crossing. To be a bar to his right to recover, the negligence must also have been the proximate cause of his injury. Waterman Lubr. Co. v. Beatty, 110 Tex. 227, 218 S. W. 363; T. & N. O. Railway Co. v. Harrington (Tex. Civ. App.) 209 S. W. 688; H. E. & W. T. Railway Co. v. Wilkerson (Tex. Civ. App.) 224 S. W. 577; Dallas Railway Co. v. Eaton (Tex. Civ. App.) 222 S. W. 318.

[3] The court found that both appellant and appellee were guilty of negligence. Where an accident occurs at a railroad crossing by reason of a collision between the train and an automobile, and it appears that the railroad and the automobile driver are both guilty of negligence, it is a question of fact, to be found by the jury, and, in the absence of a jury, by the court as to which negligence is the proximate cause of the injury. T. & N. O. Railway Co. v. Harrington (Tex. Com. App.) 235 S. W. 188; Wells Fargo & Co. v. Benjamin, 107 Tex. 331, 179 S. W. 513.

[4, 5] The test of whether a given act may be deemed the proximate cause of an injury is simply whether, in the light of all the attending circumstances, the injury was such as ought reasonably to have been anticipated as a consequence of the act. Railway v. Bell, 110 Tex. 104, 216 S. W. 390; Wells Fargo & Co. v. Benjamin, 107 Tex. 331, 179 S. W. 515; Kirksey v. Southern Traction Co., 110 Tex. 190, 217 S. W. 139. There were two tracks crossing Loraine street, the Gulf Coast line and the Southern Pacific track, which were some 60 feet apart. The appellee was approaching the Gulf Coast line track and it was upon that track that the collision occurred. At the time appellee was approaching the crossing he saw a motorcar in front of him on the S. P. track approaching the Loraine street crossing, and a flagman holding up his flag. His view of the Gulf Coast line track to his right was obstructed by various buildings, fences, etc., until he got within about 40 feet of the track. The Gulf Coast line track had theretofore been used mainly for transfer purposes, so appellee testified, and had not been used by the I. & G. N. Railroad for its passenger trains until that day, the evidence showing that the train that collided with appellee's automobile was either the first or second of such trains to pass over that track. The appellee's attention was diverted to the motorcar and the flagman in front, and he was expecting a train to come in over the Gulf Coast line track at that time. He heard no signal of whistle or bell (which the court found was not given), nor was he warned by any flagman, and he immediately threw on his emergency brakes when he discovered the train coming out from behind the buildings at a rapid speed within a few feet of him. The court found that under all the facts and circumstances the appellee, in operating his automobile as he did, used that degree of care that an ordinarily prudent person would have used under the same or similar circumstances. We think that the record sustains the court's findings, and that it cannot be said, in the light of all the facts and circumstances, that the injury was such as ought reasonably to have been anticipated by appellee as the consequences of his approaching the crossing as he did.

If we concede that, if appellee had looked at the very instant he passed the obstructions on his right, he might have discovered the approaching train in time to have either stopped his car or turned it aside, so as to have avoided the collision, had his thought and attention not been attracted to the motorcar on the H. E. & W. T. track at his front, there still remained for the court to determine the question of whether, under all the facts and circumstances, including said distraction, a reasonably prudent person in appellee's situation would or would not have done substantially as he did. The court, in passing upon this question, found that they would, and therefore that appellee's negligence was not the proximate cause of his injuries. Kirksey v. Southern Traction Co., 110 Tex. 190, 217 S. W. 139; Mitchum v. Railway Co., 107 Tex. 34, 173 S. W. 878; Dallas Railway Co. v. Eaton (Tex. Civ. App.) 222 S. W. 318; Gartwright v. Canode, 106 Tex. 507, 171 S. W. 696.

We have carefully considered all of appellant's assignments of error, and do not believe that any error is shown, and they are all overruled.

The record sustaining the judgment, same is affirmed.