BEAUMONT, S. L. & W. RY. CO. v. STER-
LING et al. (No. 1053.)*

(Court of Civil Appeals of Texas. Beaumont.
March 26, 1924. Rehearing Denied
April 2, 1924.)

1. Railroads ⬤➡346(5) — Deceased traveler presumed to have acted as reasonably prudent person.

Court must assume, in the absence of evidence to the contrary, that deceased traveler, killed at a crossing, acted as a reasonably prudent person would have acted under the circumstances.

2. Railroads ⬤➡327(1)—Failure to look or to listen not in itself contributory negligence.

A failure of a person about to cross a railroad track to either look or listen for an approaching train does not of itself constitute contributory negligence as a matter of law.

3. Appeal and error ⬤➡930(1)—Appellate court will consider evidence in light most favorable to party obtaining verdict.

The appellate court will consider evidence in the light most favorable to the party obtaining the verdict.

4. Negligence ⬤➡136(9)—Question of fact for jury.

What constitutes ordinary care is usually a question of fact for the jury, not only when the facts and surrounding circumstances are in dispute, but also when the facts are undisputed, if the inference from the facts admit of different reasonable conclusions.

5. Negligence ⬤➡136(2)—Contributory negligence as question of law.

An act to constitute contributory negligence as a matter of law must have been done in violation of some law, or it must appear so opposed to the dictates of common prudence as that all reasonable minds would without hesitation or doubt conclude that no careful person would have committed it.

6. Railroads ⬤➡346(5)—Burden on railroad to show contributory negligence.

In a suit for damages for death of one killed at a crossing, the burden was upon defendant railway to show contributory negligence upon the part of deceased.

7. Railroads ⬤➡350(13)—Automobile driver's contributory negligence causing death held for jury.

On evidence that deceased, who, while driving in broad daylight a noisy Ford roadster, along a highway, where nothing except a line of telegraph poles obstructed his view of railroad tracks, was killed at a crossing by a fast moving passenger train, which did not sound the whistle or ring the bell, as required by Rev. St. art. 6564, his car having been struck behind the seat, question of contributory negligence and whether, if same was found, such negligence was a proximate cause of his death, held properly submitted to jury.

---

⬤➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction May 21, 1924.

**8. Death ⚫══99(4)—$62,400 held not excessive damages.**

Verdict for $62,400 for the death of plaintiff's husband who was 42 years of age, earned a salary of $200 a month, and had accumulated over $75,000, *held* not excessive.

Appeal from District Court, Liberty County; J. M. Combs, Judge.

Action by Mrs. B. G. Sterling, individually, and as next friend of Mary Katherine Sterling, against the Beaumont, Sour Lake & Western Railway Company. Judgment for plaintiffs, and defendant appeals. Affirmed.

Andrews, Streetman, Logue & Mobley, of Houston, and E. B. Pickett, Jr., of Liberty, for appellant.

Ned B. Morris, of Houston, and J. Llewellyn, of Liberty, for appellees.

O'QUINN, J. Mrs. B. G. Sterling sued the appellant in her own right and as next friend of her minor daughter, Mary Katherine Sterling, to recover damages for the death of B. G. Sterling, who was the husband of Mrs. Sterling and the father of said minor, occasioned by the alleged negligence of appellant.

The defendant answered by general denial and special plea of contributory negligence.

Appellant offered no evidence. At the conclusion of the plaintiffs' evidence, appellant requested a peremptory instruction in its favor, which was denied, and the case was submitted to the jury upon special issues, upon their answers to which judgment was rendered against the defendant in the sum of $62,400, from which judgment defendant brings this appeal.

The facts, briefly stated, show that deceased was killed on a public road crossing of appellant's railroad by a collision between a Ford car, in which he was traveling, and an east-bound passenger train of defendant. At the point where the accident occurred, the track ran almost east and west, and was straight for a distance of 3 or 4 miles in each direction from the crossing. The deceased was traveling a public road that crossed the railroad almost at right angles. The train was going east, and deceased was traveling practically north. The wind was blowing from deceased toward the train. Deceased was driving a Ford roadster with a truck body and a top, which car was old and very noisy when running. The territory was open, level prairie, and there was nothing to obstruct a view of the track except a line of telegraph poles on the side of the railroad between the train and deceased. The roadbed was elevated above the surface level some 30 inches at the crossing and for quite a distance on each side of the crossing. The dirt road, as it approached the crossing, was elevated to correspond with the grade of the railroad. This was a much-traveled public road. The deceased lived at Dayton and

worked for the Humble Oil & Refining Company in the oil field north of Dayton, and was going to his work, and had left home that morning later than usual. The train was running very fast. The whistle was not blown nor the bell rung at any point for the crossing. There was no eyewitness who testified as to the conduct of deceased or the manner of his traveling on his approach to the crossing. The automobile was struck behind the seat and knocked eastward on the north side of the track, and on the east side of the dirt road. The accident occurred about 9:30 or 10 o'clock in the morning.

The jury found, in answer to the special issues, among other things; (1) That the whistle was not sounded or the bell rung on the train's approaching the crossing; (2) that the failure to blow the whistle and ring the bell was a proximate cause of the death of the deceased; (3) that deceased was not guilty of contributory negligence in approaching and attempting to cross the railroad track; (4) that by looking or listening deceased could have discovered the approaching train prior to driving into a place of danger; (5) that deceased did not look or listen for an approaching train prior to driving into a place of danger; (6) that his failure to look or listen was not negligence on the part of the deceased; (7) that deceased's failure to look or listen was not a proximate cause of the collision and death of deceased; and (8) assessed the damages against defendant in the sum of $62,400.

The request for a peremptory instruction was based upon the contention of appellant (1) that there was no evidence from which the jury could legitimately find that the negligence in failing to ring the bell or blow the whistle proximately caused the death of the deceased; and (2) because it conclusively appeared, as a matter of law, that the deceased was guilty of contributory negligence.

The undisputed evidence shows that the whistle was not sounded and that the bell was not rung, as required by article 6564 of the Revised Statutes. This makes appellant guilty of negligence per se, which if same was a proximate cause of Sterling's death, rendered appellant liable and, unless deceased was guilty of contributory negligence that was a proximate cause of his death, the judgment should be affirmed.

Appellant does not attack the finding of the jury as to the failure to sound the whistle and ring the bell, but insists that under the facts and circumstances in evidence, deceased was guilty of contributory negligence, as a matter of law, and hence that the judgment should be set aside.

The circumstances of the collision are unexplained. No eyewitness who saw the accident testified in the case. The evidence as to the accident is wholly circumstantial. Un-

der the facts as disclosed by the record, was deceased guilty of contributory negligence as a matter of law?

Appellant contends that, as the jury found that deceased did not look or listen for an approaching train, and that if he had looked he could have seen the train, or if he had listened he could have heard the train, therefore he either knowingly accepted the hazard of crossing the railroad track in front of a rapidly approaching train, taking the chance that he might be able to get across ahead of it, or, if he went into danger without knowing of the approach of the train, he did so because he had failed to exercise any care whatever for his safety.

[1, 2] This contention of appellant is but the conclusion or presumption of appellant from the facts and circumstances given in the trial of the case. That there can be no presumption indulged that deceased was guilty of contributory negligence is well settled. In the absence of evidence to the contrary, we must assume that he acted as a reasonably prudent person would under all the circumstances. Railway v. Shoemaker, 98 Tex. 456, 84 S. W. 1049; Wells Fargo & Company v. Benjamin, 107 Tex. 331, 179 S. W. 513; Hines v. Richardson (Tex. Civ. App.) 232 S. W. 889. While the law imposes upon one who is about to go upon a railroad crossing the duty to exercise ordinary prudence for his own safety, there is no statute in this state that required a person about to cross a railroad track to either look or listen for an approaching train, and his failure to do so does not, of itself, constitute contributory negligence as a matter of law. Frugia v. Railway, 36 Tex. Civ. App. 648, 82 S. W. 814; Railway Co. v. Tinon (Tex. Civ. App.) 117 S. W. 936 (writ refused); Citizens' Railway v. Robertson, 58 Tex. Civ. App. 566, 125 S. W. 343 (writ refused); Trochta v. Railway (Tex. Com. App.) 218 S. W. 1038; Railway v. Harrington (Tex. Com. App.) 235 S. W. 192; Payne v. Young (Tex. Civ. App.) 241 S. W. 1094. It cannot be said as a matter of law that any one or more things deceased did or failed to do were, prima facie, the failure to use such care and caution as a reasonably prudent person would have exercised under like circumstances. Railway v. Shieder, 88 Tex. 163, 30 S. W. 902, 28 L. R. A. 538; Missouri Pac. Railway Co. v. Lee, 70 Tex. 501, 7 S. W. 857. In the case last cited, the defendant railway company asked instructions to the effect that it was the duty of deceased to make use of his senses of sight and hearing to discover an approaching train, and that, if he was injured by reason of failing to look, when by looking before driving upon the track he could have seen the approaching train, recovery could not be had. In passing upon this question, the Supreme Court said:

"Our courts have refused to recognize as the duty of the trial judge to attempt to define duties, neglect of which would be negligence, in absence of statutory definitions of duties which, disregarded, are negligence as matter of law. * * * What is due care under a given group of facts must be determined by the jury by applying the rule as to what, in their judgment, a man of ordinary prudence would have done under the attendant circumstances. It is reasonable that a sane man will not knowingly and recklessly expose himself to imminent bodily danger—that the instincts of self-preservation existed."

[3] We think, then, that it may be inferred that deceased did not know of the presence of the approaching train at the time he drove upon the track. We may ask why he did not know of it. It appears in the record that deceased left his home on the morning of the accident later than usual to go to his work; that he was traveling in an old Ford car that made much noise when running; that he was traveling a public highway that for some distance before reaching the crossing was gradually elevated until it reached the height of some 30 inches to the grade of the railway track. The train in passing this crossing was required by law to sound the whistle within 80 rods of the crossing, and to ring the bell and keep same continuously ringing until reaching the crossing. The train, on this morning, was running very fast, and the whistle was not blown nor the bell rung. It may be that deceased, traveling hurriedly, intent upon getting to his work on time, and giving his attention to the management of his car, especially in keeping it upon the elevated portion of the highway when approaching the track, that the noise of his rattling old car distracted his attention from and perhaps prevented him from noticing the noise of the approaching train. The deceased had the right to be upon the road—had the right to cross the railroad track. It was the statutory duty of appellant to sound the whistle and ring the bell. This was not done. Deceased had the right to expect these signals to be given. The shrill sound of the whistle and the sharp ringing of the bell doubtless would have arrested his attention and warned him of the sudden approach of the train before he drove upon the crossing. In this state of the facts, the road being a much-traveled public highway, and the statute requiring appellant to give the signals upon approaching a public road crossing, the court could not properly withhold from the jury the right to pass upon the questions of negligence and due care, and the evidence should be considered in the light most favorable to the verdict. Kirksey v. Traction Co., 110 Tex. 190, 217 S. W. 139; Lancaster v. Browder, 256 S. W. 905. The cited case of Lancaster v. Browder is by the Commission of Appeals, and in many of its features is quite similar to the case at bar, and, without comparing or discussing same, we refer to it as being decisive of the ques-

tion of contributory negligence, as a matter of law, so strongly urged here by appellant.

There is no proof in the record that deceased saw the train, but, if it had reasonably appeared that he did so, there is nothing to indicate at what distance he or the train was from the crossing when he saw it, if he did, and it may have been that upon approaching the crossing he saw the train coming at approximately the distance of 75 or 100 feet when he was some 15 or 20 feet from the track, and in good faith believed, judging from the distance and the speed of the train, that he had sufficient time to cross in safety. The automobile in which he was traveling was struck behind the seat—it had almost made the crossing in safety—in almost a second's more time it would have been safely over. It may be that under the circumstances, as they appeared to him, the jury would be warranted in finding he was not guilty of negligence.

[4-7] The test to be applied of ordinary care on the part of those using the highway is usually one of fact for the jury, and this is true, not only when the facts and surrounding circumstances are in dispute, but also when the facts may be undisputed, if the inferences from the facts admit of different reasonable conclusions. This is so because the question of negligence is, after all, one of conclusion from facts and circumstances, and it is not always proper to say that but one conclusion can be drawn from the same undisputed facts. Bronson v. Oakes, 76 Fed. 737, 22 C. C. A. 520; Railway v. Murphy, 46 Tex. 356, 26 Am. Rep. 272. For deceased's act to constitute contributory negligence, as a matter of law, it must have been done in violation of some law, or it must appear so opposed to the dictates of common prudence as that all reasonable minds would, without hesitation or doubt, conclude that no careful person would have committed it. Lee v. Railway, 89 Tex.. 588, 36 S. W. 63. We think reasonable men might fairly differ as to the conclusion to be drawn from the facts and circumstances shown here, and therefore that the issue was properly submitted to the jury. The burden was upon appellant to show contributory negligence upon the part of deceased. Appellant offered no evidence, but the issue was submitted to the jury upon the evidence offered by appellee. The questions of contributory negligence and whether, if same was found, such negligence was a proximate cause of deceased's death, were for the jury, and were determined by the jury against appellant.

[8] Appellant insists that the damages awarded by the verdict are grossly excessive. There was no objection to the charge of the court submitting the question of damages to the jury. Therefore the charge must have correctly submitted the issue. The verdict was for $62,400. Deceased was 42 years of age. He had a life expectancy of 26 years. He is shown to have been a vigorous, energetic, and capable man, with a successful business experience in the past, and good prospects for better business advancements in the future. He had a wife and one girl child, to whom he was devotedly attentive— his every effort was to promote their comfort and happiness. The undisputed evidence is that when deceased came to Dayton in 1907, he had no property other than a horse and buggy. Since that time and up to May 20, 1921, the time of his death, he had accumulated more than $75,000 in money and property. All of this was realized out of and by reason of his personal endeavor, except the sum of $1,100 which he inherited from his father's estate. He had been working for the Humble Oil & Refining Company some 4 or 5 years. He began with them at a salary of $100 per month, and had been promoted from time to time until he was receiving $200 per month at the time of his death. Up to some time prior to his death, deceased had been field manager for his company at Davis Hill. This field was closed down, and about a week before he was killed he was made manager at the Dayton field. This was a promotion, but it was not shown what salary he would have received in this new position. It is thus seen that deceased was in the line of promotion with this large oil company, that he was capable of managing large and extensive business affairs, and was steadily climbing higher in position and pay. He had supported his family and saved more than $75,000 out of his earnings in 11 years, had a life expectancy of 26 years, and had the bright future promise above stated. While the verdict was large, we think the evidence amply supports same. There is nothing in the record indicating that the jury were influenced by passion, prejudice, or other improper motive. The assignment is overruled. Railway Company v. Harrington (Tex. Civ. App.) 241 S. W. 250; Hines v. Mills (Tex. Civ. App.) 218 S. W. 777.

In the Harrington Case it was shown that Harrington was 31 years old, had worked for 5 years as a common laborer in a warehouse at a salary of $14 per week, with no evidence of any special qualifications on his part that promised promotion or the securing of a better position than what he had. A verdict for $30,000 was finally approved in that case.

In Hines v. Mills, deceased was 38 years old, a railroad locomotive fireman, had a wife and 5 children, and was receiving about $185 per month, with prospects of promotion. A verdict of $40,000 was sustained.

We have carefully considered all of appellant's assignments, and do not think that any of them show error, and they are all overruled.

The judgment should be affirmed, and it is so ordered.