WELLS, FARGO & COMPANY v. W. S. BENJAMIN.

No. 2774.   Decided October 27, 1915.

### 1.—Requested Charge—Contributory Negligence—Proximate Cause.

A requested instruction, on the issue of contributory negligence of a plaintiff injured on the platform of a railway station by the fall of a box from the truck of an express company, which held plaintiff not entitled to recover if he was walking or standing by the moving truck and a person of ordinary care would not have done so, was incorrect and properly refused because not requiring that his act, to have such effect, must have proximately contributed to his injury. That was a question of fact to be determined by the jury, and dependent on whether he should have contemplated possible injury from so doing. (Pp. 333-335.)

### 2.—Charge—Contributory Negligence—Applying Law to Facts.

Where the court has given a correct charge on contributory negligence, a failure to make specific application of the principles announced to the facts of the case would be mere omission and not ground for reversal unless a correct charge making such application was requested. (P. 335.)

Error to the Court of Civil Appeals for the Sixth District, in an appeal from Harrison County.

Benjamin sued the Express Co. and recovered judgment. Defendant appealed, and on affirmance obtained writ of error.

*Baker, Botts, Parker & Garwood, Beard & Davidson* and *Young & Stinchcomb* (*Walter H. Walne,* of counsel), for plaintiff in error.—Where the court's main charge presents the issue of contributory negli-

332 TEXAS SUPREME COURT REPORTS, VOL. 107. [October,

gence of the plaintiff in general terms, a special charge requested by the defendant, applying the law of contributory negligence to the very facts put in issue by the evidence, should be given, and the failure of the court to give such charge is material error, necessitating the reversal of the judgment for plaintiff. T. & P. Ry. Co. v. Johnson, 118 S. W., 1117; Yellow Pine Oil Co. v. Noble, 105 S. W., 318; M. K. & T. Ry. Co. v. McGlamory, 89 Texas, 639; St. L. S. W. Ry. Co. v. Casseday, 92 Texas, 526; I. & G. N. Ry. Co. v. Neff, 87 Texas, 307; M. K. & T. Ry. Co. of Tex. v. Rogers, 41 Texas, 52; St. L. S. W. Ry. Co. v. Rea, 99 Texas, 58; T. & P. Ry. Co. v. Short, 58 S. W., 56; Pelly v. D. & S. Ry. Co., 78 S. W., 542; H. & T. C. Ry. Co. v. Stewart, 14 Texas Civ. App., 703, 37 S. W., 770; H. & T. C. Ry. Co. v. Patterson, 20 Texas Civ. App., 255, 48 S. W., 749.

In a motion for rehearing, which was overruled, in support of the proposition that no issue as to plaintiff's position being a proximate cause of his injury was involved, the sole question being whether the act was negligent, counsel for plaintiff in error cited: Texas & P. Ry. Co. v. McCoy, 90 Texas, 264, 38 S. W., 36; Gulf, C. & S. F. Ry. Co. v. Rowland, 90 Texas, 365, 38 S. W., 756.

*S. P. Jones,* for defendant in error.

MR. JUSTICE YANTIS delivered the opinion of the court.

W. S. Benjamin, the defendant in error, recovered a judgment against Wells, Fargo & Company, plaintiff in error, for personal injuries alleged to have been sustained in October, 1911, while he was on the platform of the Texas & Pacific Railway Company, at its passenger station at Marshall, Texas, where he had gone to make inquiry at the ticket office about passenger rates covering a trip which he had in contemplation. While on the platform, a box fell from one of the plaintiff in error's loaded trucks, and struck him in the right temple, from which his injuries are alleged to have resulted.

Two grounds of negligence were alleged to be the proximate cause of the injuries complained of; one, that the plaintiff in error negligently loaded said truck so as to permit and cause the box or crate to fall from the same; the other, that the plaintiff in error, its agents, servants, and employees, negligently handled, and operated, and managed said truck in such manner and way as to cause the said box or crate to fall from the truck and strike the plaintiff.

The plaintiff in error, being the defendant in the trial court, pleaded in defense, contributory negligence on the part of the defendant in error, Benjamin, it alleging that he was guilty of contributory negligence in that he walked or stood by the truck of the plaintiff in error at such close proximity thereto as to permit a crate or box to fall off of the truck upon him; also, it alleged the injury to be the result of an unavoidable accident, in which it alleged that none of its employees were guilty of negligence. It also pleaded assumed risk, but the evidence did

not warrant a submission of this issue to the jury, and no complaint is made here of the failure to submit such issue.

The verdict and judgment were assailed because the court refused to give plaintiff in error's special charges numbers ten, twelve and thirteen. The refusal to give these special charges presents the only questions for our determination, since we approve the conclusions reached by the Court of Civil Appeals upon each of the other assignments. It is contended by the plaintiff in error that it was entitled to have a charge given grouping the facts upon which it relied to establish contributory negligence, and that these charges did so. There can be no doubt but that in a proper case this is the correct rule, where the pleading and evidence make the issue, and where such is the case it is a substantial right which should be accorded the litigant. It is unnecessary for us to determine whether such issue was raised by the pleading and evidence in this case, in view of the conclusion we have reached with reference to the accuracy of the charges requested. When a correct charge in such a case is presented, it should be given; but an erroneous charge, of course, should be refused. Whether the charges requested in this case were correct, presents the main question for our determination.

Defendant in error's special charge number ten is as follows:

"You are instructed that if you find from the evidence that the plaintiff was walking or standing by the moving truck, at the time he was struck, and that a person of ordinary care, under the same circumstances, would not have walked or stood by it, you will find for the defendant, regardless of whether or not you find that one or more of the employees of the defendant was guilty of negligence in loading the truck or handling it."

This charge fails to require the jury to find that the negligence of the plaintiff, if the jury found that he was negligent, proximately contributed to his injuries. It instructs the jury, in substance, that if the plaintiff was negligent, in the manner set out, to find for the defendant. But to find the defendant in error guilty of negligence would not authorize the defeat of his recovery. If the defendant negligently inflicted injuries upon him, he should not be permitted to recover if he himself was guilty of negligence which proximately contributed to his injuries; but assuming that he was guilty of negligence, this fact would be no bar to his recovery if it did not proximately contribute to his injuries. If each party to the suit was guilty of negligence, then it became a question for the jury to determine, the trial being had before a jury, whose negligence proximately caused the injury. The charge requested did not permit the jury to determine this question. It amounted to a peremptory charge in favor of the plaintiff in error, to the effect that if the defendant in error was guilty of negligence, then such negligence would defeat his recovery whether it proximately caused or contributed to his injuries or not. This could not be right. It would manifestly be a denial of justice to defeat his recovery on account of his own negligence if in fact it did not contribute to his injuries. It is right and just that one

whose wrongful act causes a loss to be suffered, should bear that loss, rather than that it should be borne by one who is blameless. And one who was at fault, but whose fault was futile in the result which followed, should not be defeated in favor of the one whose wrong actually produced the injury. There would be no warrant for a charge in which the court withdrew from the jury a question of fact and settled it conclusively as a matter of law, unless the facts were such that all reasonable minds would agree, and none differ on the subject. We hardly think it could be said that, under the facts and circumstances of this case, all reasonable minds would agree that if Benjamin was guilty of negligence by being near the truck, such negligence proximately contributed to his injuries. One's act is only a proximate cause of an injury when it could have been reasonably anticipated by him that some such injury would result from such act. Now, who should determine, the court or the jury, whether it was in contemplation of Benjamin that if he stood near the truck he would probably be injured? Plainly it is a question of fact, to be determined from the evidence introduced, and being a question of fact, it was a jury question, and the trial court would have no authority in law to decide it.

In this connection, it might be well to call attention to the fact that no evidence was offered tending to prove any special information the defendant in error had as to the danger of being injured if he stood or walked near the truck. There was no evidence to show that he had, in his entire life, known or heard of any one being injured by standing or walking near a loaded truck, on a depot platform, or by allowing a loaded truck to pass near him. So far as this record shows, there was nothing in the experience of his life that would convey information to him which would act as a warning that he should avoid passing near a loaded truck, or should avoid permitting one to pass near him. The record is silent as to any fact that would cause him to contemplate injury in going near the truck, or in permitting it to pass near him. And to the ordinary person it might seem entirely safe to pass near a loaded truck on a depot platform, or to allow one to pass near him, since he should not presume the negligent handling thereof, or expect an unavoidable accident connected therewith, and especially if it be that his own experience, as well as the experience of the traveling public with which he was familiar, has been such as to advise him, that instead of being attended with danger, such accidents are of rare occurrence, and seldom, if ever within his knowledge, have resulted in injury. At least, under such circumstances, it is a question about which reasonable minds might differ as to whether he should have anticipated danger of being injured. And when reasonable minds might differ about it, we are rightfully denied the privilege of declaring the act or omission to be negligence as a matter of law. In such a case the question is one of fact, and is within the peculiar province of the jury to determine.

It clearly follows that said special charge was erroneous, and it was not error on the part of the trial court to refuse to give it. Houston &

T. C. Ry. Co. v. Kelly, 13 Texas Civ. App., 1, 34 S. W., 809; Gulf, C. & S. F. Ry. Co. v. Mangham, 29 Texas Civ. App., 486, 69 S. W., 80; Missouri, K. & T. Ry. Co. v. Rogers, 91 Texas, 52, 40 S. W., 956.

The same vice is contained in the plaintiff in error's special charge number twelve. It instructs the jury, in its concluding clause, that:

"If you find from the evidence that a person of ordinary care, under the same circumstances, would have avoided walking or standing in such close proximity to the truck that a crate or box falling therefrom would strike him, you will find for the defendant."

The plaintiff in error would not be entitled to a verdict in its favor upon this finding. If the jury found in its favor for all it contended, it would only find that the plaintiff was guilty of negligence in standing near the truck. It requires more than this to defeat his recovery, if he is otherwise entitled to one. It would take the further finding that such negligence contributed proximately to his injuries in order to entitle the plaintiff in error to defeat his alleged cause of action on the ground of contributory negligence.

The plaintiff in error's special charge number thirteen, whose refusal is complained of, contains the same identical error. It instructs the jury, in its last sentence, as follows:

"If you find from the evidence that the plaintiff failed to see the approaching truck, with the load thereon, or that he saw the said truck and its load, but took no notice of it, but you further find that a person of ordinary care, situated as the plaintiff was, when the truck was approaching him, would have seen the said loaded truck, and would have avoided walking or standing in such close proximity to it as to be struck by a falling crate or box, you will find for the defendant, regardless of whether or not any of its employees were guilty of negligence."

A verdict against the defendant in error is required by this charge, regardless of whether the plaintiff's negligence in the particulars specified in said charge, contributed proximately to the injury.

The trial court gave a correct charge upon these issues of contributory negligence. Whether it applied the law to the facts as directly as necessary, we need not determine, since if it failed in this it was an error of omission, and if the plaintiff in error wanted a more elaborate charge thereon, or a more direct application of the law to the facts, it was its duty to present a correct special charge covering the issues involved. Under such circumstances, if the requested charge is erroneous, the court should refuse it, and it would not constitute error to do so. Gulf, C. & S. F. Ry. Co. v. Mangham, 29 Texas Civ. App., 486, 69 S. W., 80; St. Louis S. W. Ry. Co. of Tex. v. Byas, 12 Texas Civ. App., 657, 35 S. W., 22; Gulf, C. & S. F. Ry. Co. v. Shieder, 88 Texas, 166, 28 L. R. A., 538, 30 S. W., 902.

We conclude that the judgment of the Court of Civil Appeals, and that of the District Court, should be affirmed, and it is so ordered.

*Affirmed.*