BURKES v. NORTHERN TEXAS TRACTION CO. (No. 7455.)

(Court of Civil Appeals of Texas. Dallas. April 1, 1916. Rehearing Denied April 29, 1916.)

1. CARRIERS ⬅347(10)—CARRIAGE OF PASSENGERS — CONTRIBUTORY NEGLIGENCE — WHAT CONSTITUTES.

For a passenger on a street car, after giving a signal to stop, to walk to the rear entrance and stand upon the steps while the car was moving slowly, does not constitute contributory negligence as a matter of law, precluding recovery, where, through a sudden jolt, the passenger was thrown from the car.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1355, 1356, 1386, 1402; Dec. Dig. ⬅347(10).]

2. TRIAL ⬅253(4) — CARRIAGE OF PASSENGERS—ACTIONS—INSTRUCTIONS.

A passenger on a street car claimed that, having given the signal to stop, he repaired to the rear entrance and stood on the step waiting for car to stop, and was thrown from the car by sudden jerk. The court charged that if the passenger left a place of safety while the car was moving and before it had stopped, proceeding to the step, and, though both hands were incumbered, attempted to alight before the car stopped, then if an ordinarily prudent person would not have so acted, his act was negligence which would bar recovery regardless of any other negligence. Held that, as the court nowhere submitted the case whether the operatives of the car were negligent in causing it to suddenly jerk and throw him from the step, the charge was erroneous, as taking from the jury the case of negligence charged.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 613, 616; Dec. Dig. ⬅253(4).]

3. TRIAL ⬅252(8)—INSTRUCTIONS—EVIDENCE.

In a personal injury action, where the evidence showed that the swelling and discoloration of plaintiff's scrotum existed before any infection was caused by scratching, a charge that plaintiff could not recover if the injury was caused by infection from scratching an ulcer, was not warranted by the evidence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 603; Dec. Dig. ⬅252(8).]

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Action by H. H. Burkes against the Northern Texas Traction Company. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

Rembert G. Watson and J. J. Eckford, both of Dallas, for appellant. J. Hart Willis and Thompson, Knight, Baker & Harris, all of Dallas, for appellee.

RAINEY, C. J. Appellant sued appellee to recover for personal injuries caused by being thrown from a street car while it was in motion. The allegation is, in substance, that appellee was a passenger, and when approaching the place where he was to alight he pushed the button, arose from his seat, walked down the aisle to the rear entrance and got down on the step preparatory to alighting. While standing there, the car moving slowly, gave a sudden jerk, causing him to fall to the street, whereby he was injured. Appellee answered by general demurrer, general denial, and contributory negligence. A trial was had before a jury, who returned a verdict for appellee, and judgment was rendered accordingly.

The first assignment of error complains of the giving of appellee's requested charge No. 2, which is as follows:

"Gentlemen of the jury, you are instructed that if you find and believe from the evidence that upon the question of which plaintiff complains he left a place of safety within defendant's car while the car was moving, and before it had stopped for him to alight therefrom, and proceeded to the step of the car while it was still in motion, and you further find that at such time both of his hands were incumbered and he did not have hold of anything to support or aid himself, and that while in such position and while so incumbered, and while the car was still moving and before it had stopped for him to alight, he attempted to alight therefrom; and you further find that an ordinary prudent person would not have so acted under the same and similar circumstances—then such act on his part would be negligence which proximately contributed to any injury he may have received, and if you so find, you will return your verdict for the defendant, regardless of your finding upon any further issue herein."

Under this assignment is submitted the proposition that:

"Plaintiff having pleaded and the evidence being uncontroverted that defendant's servants in charge of the car caused it to start forward suddenly with a violent jerk, precipitating him from the step upon which he was standing, the requested charge which eliminated this question from the jury's consideration should not have been given."

It will be noted that said special charge, after grouping the facts, closes with this language:

"Then such act on his part would be negligence which proximately contributed to any injury he may have received, and if you so find you will return your verdict for the defendant, regardless of your finding upon any further issue herein."

[1, 2] The issue being whether the appellant was thrown from the car by a sudden jerk, or whether he voluntarily stepped from the car while it was moving, it was error to eliminate from the jury all issues but that of contributory negligence. It was not necessarily contributory negligence for the appellant to have acted as stated in the special charge, but whether negligence or not it was a question for the jury, and it was error for the court to instruct the jury that such was a fact. From the evidence the jury might have concluded that the appellant was caused to fall from the car by its sudden jerk, and not from his stepping off, which was a controverted issue. The main charge of the court was general in its terms, and did not group the facts, nor specifically call the attention of the jury to the issue of the car being suddenly jerked, that caused appellant to jump. This being so, the error in limiting the issue to contributory negligence is emphasized. If the appellant was caused to fall from the car

by reason of the car being suddenly jerked in such manner as to constitute negligence on the part of the operatives, and such jerking was the proximate cause of the injury, and appellant did not voluntarily step off the car, or would not have fallen therefrom had not the sudden jerk occurred, then his fall could not be attributed to his negligence in getting on the step. The wording of the special charge virtually takes from the jury the issue of negligence of the company in the operation of the car. Wells Fargo & Co. v. Benjamin (Sup.) 179 S. W. 513.

[3] We are of the opinion that the court erred in giving appellee's special charge No. 6, as follows:

"You are instructed, if you believe from the evidence that at the time, or about the time, plaintiff complains he suffered with swelling and discoloration of the scrotum and the contents thereof, or parts thereof, and if you find that such condition was due to infection caused by scratching a pimple upon such part, thereby producing an ulcer, swelling, or discoloration, that you could not, in any event, allow plaintiff anything for such condition."

The evidence shows that the swelling and discoloration existed before the infection was caused by scratching. Damages, if any recoverable, could only be diminished by the negligence, if any, of appellant in aggravation of such swelling and discoloration.

We are of the opinion that the evidence does not show any invitation or act of the conductor that raised the issue of appellant being induced thereby to occupy the step that warranted a charge, and therefore the court did not err in refusing the requested charge by appellee.

For the errors indicated in giving requested charge No. 2 by appellee, the judgment is reversed and cause remanded.