PARHAM v. WESTERN UNION TELEGRAPH CO.  (No. 4–2551.)

(Commission of Appeals of Texas, Section A. Dec. 11, 1918.)

1. TELEGRAPHS AND TELEPHONES ⬤⟶53—DELAY IN DELIVERY — CONTRIBUTORY NEGLIGENCE—PROXIMATE CAUSE.

Misspelling by sender of telegram of name of addressee, though resulting in delay in delivery, does not prevent recovery, if by exercise of ordinary care the company, after learning the correct name, could have delivered in time to prevent the injury; it not being a proximate cause.

2. APPEAL AND ERROR ⬤⟶1090(1)—REVIEW—NECESSITY OF CROSS-ASSIGNMENTS.

The Supreme Court, on error to the Court of Civil Appeals, which erroneously reversed judgment for plaintiff, on the ground that a certain refused instruction should have been given, need not consider whether other instructions should have been given; defendant's brief containing no assignment of error to failure to give them.

Error to Court of Civil Appeals of Fifth Supreme Judicial District.

Action by C. W. Parham against the Western Union Telegraph Company. Judgment for plaintiff was reversed by the Court of Civil Appeals (152 S. W. 819), and plaintiff brings error. Remanded to Court of Civil Appeals with directions.

H. C. Bishop, of Hubbard, and H. G. Hart and R. M. Vaughan, both of Hillsboro, for plaintiff in error.

N. L. Lindsley, of Dallas, and E. G. Senter, of Washington, D. C. (Geo. H. Fearons, of New York City, of counsel), for defendant in error.

TAYLOR, J. The suit was for damages for failure of the telegraph company to deliver, within a .reasonable time, a telegram sent to the plaintiff's wife, announcing the death of her father, whereby it was claimed she was prevented from attending his funeral.

The plaintiff, C. W. Parham, and his wife, Mrs. Fannie Parham, resided at Hubbard, Tex. E. Chrisenhall, Mrs. Parham's father, resided at Pollock, Tex., about 150 miles distant, where he died at the home of A. K. Martin February 12, 1911. The said Martin at once telephoned a message to the telegraph company's agent at Lufkin, Tex., to be transmitted to the company's agent at Hubbard, Tex., and there delivered to Mrs. Parham. The said Martin communicated the addressee's name to the agent in such a way

that it was transmitted to Hubbard spelled "P-h-a-r-a-m," instead of "P-a-r-h-a-m."

The message was promptly transmitted to Hubbard, being received there about 5:20 o'clock p. m., February 12, 1911. The company's messenger delivered it to Mrs. Parham at her home in Hubbard about 8 o'clock the following morning. The funeral of the father occurred about 4 o'clock p. m. the day the message was delivered to Mrs. Parham. A passenger leaving Hubbard on the 9:30 o'clock p. m. train was due to reach Pollock the next day at 10:26 o'clock a. m. A passenger leaving Hubbard at 8:33 o'clock a. m. would reach Pollock at 7:01 p. m. the same day.

The opinion of the Court of Civil Appeals (152 S. W. 819) states all of the material testimony regarding the mistake in spelling Mrs. Parham's name. The opinion also sets out in part the testimony of assistant postmaster, Johnson, and seems to construe the same as tending to show that the defendant's messenger received from said Johnson the information as to where Mrs. Parham lived about 6 o'clock p. m. the same day the company's agent at Hubbard received the telegram.

The petition alleged, among other things, that within about an hour after the receipt of the telegram the defendant's messenger learned by inquiry at the post office in Hubbard, from the assistant postmaster, J. H. Johnson, where Mrs. Parham resided. The further allegations of the petition show that the plaintiff sought recovery on the theory that, within about an hour after the telegram had been received at Hubbard City, the defendant's messenger learned who the addressee was and where she resided, and that the defendant, having ample time thereafter to deliver the message before the 9 o'clock p. m. train left Pollock, failed to do so, thereby causing the injured complained of; that, this being true, it was not material whether the plaintiff was negligent in misspelling the addressee's name, the assistant postmaster having at the time stated supplied the information sought to be conveyed through the address.

The defendant denied liability, and answered specially that the plaintiff was guilty of contributory negligence, in, among other things, misspelling the name of the addressee. The defendant's theory of the case, as disclosed by the record, seems to be that inasmuch as the plaintiff's negligence caused, or contributed to cause, some delay in delivering the message, the defendant was thereby relieved of liability, and that the plaintiff, having negligently caused some delay, was not entitled to recover, regardless of whether the delay thus caused was sufficient in point of time to prevent Mrs. Parham from attending the funeral.

The court, in the main charge, without specific reference to the misspelling of the addressee's name, instructed the jury to determine whether the defendant, in view of the circumstances disclosed by the whole evidence, delivered the message within a reasonable time after receiving the same at its Hubbard City office, and further instructed them that, unless they believed the defendant's employés failed to deliver the message within a reasonable time after receiving same at Hubbard City, and that such failure was negligence, they should return a verdict for the defendant.

The defendant, in accordance with its views of the case stated above, requested the court to give the following special charge: "You are instructed that it appears from the undisputed evidence herein that the mistake in the address of the message in controversy was caused by the plaintiff's own agent. You are therefore charged that, if you should find that there was any delay in the delivery of the message after it reached Hubbard City, and if you should find that the mistake in the spelling of the name of plaintiff's wife, as it appears in the message, caused or contributed to cause such delay, if any, you will return a verdict for the defendant."

The charge was refused, and the Court of Civil Appeals reversed the judgment and remanded the case, for failure of the trial court to give the requested charge, or some equivalent charge. The case is now before this court on the sole question of whether the Court of Civil Appeals erred in holding that the charge should have been given.

[1] The charge requested in substance directs the jury to acquit the defendant of liability, if there was any delay in delivering the message caused, or contributed to, by the plaintiff's negligence in misspelling the name of the addressee. That the plaintiff's agent, by causing a defective address to be transmitted, occasioned some delay, may be conceded. It does not follow, however, as a matter of law, that, because the plaintiff caused a delay in the manner stated, the defendant is thereby relieved of liability, regardless of whether the delay was sufficient in point of time to cause the injury, or whether the defendant was negligent in failing to deliver the message within a reasonable time after receiving it. If, after discovering that the plaintiff's wife was the person for whom the message was intended, and after learning where she resided, the defendant, by the use of ordinary care, could have delivered the message in time to enable her to attend the funeral, and failed in the exercise of such care to so deliver the message, the defendant would be liable.

The theory on which the requested charge is predicated is that the error of the plaintiff's agent in misspelling the name of the addressee, resulting, as it did, in a delay in the delivery of the message, would preclude a recovery by the plaintiff, even though the defendant by the exercise of ordinary care could have delivered the same in time to enable the plaintiff's wife to attend the funeral.

Contributory negligence on the part of the plaintiff would not relieve the defendant of liability, unless it should be found to be the proximate cause of the injury. Jones' Telegraph and Telephone Companies, 302; Wells Fargo & Co. v. Benjamin, 107 Tex. 331, 179 S. W. 513.

The charge requested was an incorrect statement of the law as applied to the facts of this case and should not have been given.

[2] Whether the court should have applied the law to the facts more directly, or whether the charge on contributory negligence should have been given need not be determined, as the defendant's brief contains no assignment of error on the failure of the court to so charge.

In view of the conclusion of the Court of Civil Appeals, expressed in the opinion, that the amount of the verdict was probably excessive, we conclude that the case should be remanded to the Court of Civil Appeals for disposition on its merits.

PHILLIPS, C. J. The judgment by the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court. We approve the holding of the Commission.

