MIDDLETON v. MOORE. (No. 10092.)

(Court of Civil Appeals of Texas. Ft. Worth. Jan. 20, 1923. Rehearing Denied March 3, 1923.)

1. Trial ⟨key⟩350(6)—Nonessential issues not submitted.

Where, in an action for damages arising from a collision of plaintiff's car going north with defendant's car going south but turning to the left of the car in front of him, the petition alleged defendant's car ran into plaintiff's and the evidence was conflicting, *held,* not error to refuse to submit the issue as to

which car ran into the other, where the essential question was who was responsible for the collision.

2. Appeal and error ⟨key⟩1068(5)—When refusal to charge on proximate cause held not error.

Where, in an action for damages arising from collision of plaintiff's car going north with defendant's car going south, but turning to the left of the car ahead of him, evidence sustained the allegation defendant operated his car in violation of state laws and city ordinances, *held,* not reversible error to fail to charge on proximate cause, where findings on special issues were against defendant and the evidence did not raise the issue of contributory negligence of plaintiff.

3. Appeal and error ⟨key⟩1068(5)—When refusal to submit special issue defining negligence held not error.

Where, in an action for damages arising from a collision of plaintiff's car going north with defendant's car going south, but turning to left of a car ahead of him, refusal to submit defendant's special charge defining negligence and stating that violation of positive statute or ordinance was negligence per se, but submitting whether the acts of defendant in turning to left in crossing street was negligence, *held* not reversible error, where both the evidence and the findings of the jury on the special issues and sustained by the evidence showed that defendant's act in crossing street was the proximate cause of the injury.

Buck, J., dissenting in part.

Appeal from Jones County Court; E. S. Cummings, Judge.

Action by E. P. Moore against T. B. Middleton. Judgment for plaintiff, and defendant appeals. Affirmed.

Thomas & Pope, of Anson, for appellant. Stinson, Coombes & Brooks, of Abilene, and T. J. Sanders, of Merkel, for appellee.

BUCK, J. This cause originated in the justice court. Plaintiff sued for damages in the sum of $195, for injuries to his automobile alleged to be caused by a collision. Defendant, appellant here, appealed from a judgment in the justice court for $195. In the county court, plaintiff pleaded:

"That on or about the 29th day of January, 1921, the defendant negligently and carelessly ran his automobile into the automobile of this plaintiff, thereby injuring, damaging and breaking plaintiff's automobile. Plaintiff further alleges, and says that on or about the 29th day of January, 1921, defendant on a public street and public highway in the town of Hamlin in Jones county, Tex., in violation of the Penal Code Supplement 1918, arts. 820a to 820yy, and of the ordinances of the city of Hamlin, Tex., carelessly and negligently operated and ran his automobile into the automobile of plaintiff, and that in the operation of said automobile in violation of the state law and of the ordinances

of the city of Hamlin, he was thereby negligent per se as a matter of law, and that in careless and negligent operation and running of said car by defendant and running the same into plaintiff's car, thereby injuring, breaking and damaging plaintiff's car, he had been damaged in the sum of $195, for which he prays judgment."

Defendant pleaded a general denial, that the collision was an accident, in so far as he was concerned, and unavoidable under the circumstances, and contributory negligence of the plaintiff. The court submitted the case on special issues, which are hereafter set out, together with the jury's answers thereto:

"No. 1. Was the defendant's automobile being operated on the right-hand side of the highway or street at the time of the collision, in a careful manner, with due regard for the safety and convenience of other vehicles or traffic? Ans. No.

"No. 2. Did the defendant sound a bell, gong, horn or whistle or other device capable of emitting an abrupt sound, adequate in quantity and volume to give warning of the approach of plaintiff's car? Ans. No.

"No. 3. Did defendant's automobile have adequate brakes and were they in good working order at the time of the collision? Ans. No.

"No. 4. Did the defendant, in operating his automobile, before turning, stopping or changing the course at or near the cement block in the city of Hamlin and near where the collision occurred, if it did occur, first see that there was sufficient space for the movement to be made in safety of other vehicles traveling on the east side of the street that may be affected by such stopping, turning or changing of course and give plain, visible or audible signal to the persons operating or driving vehicles on the opposite side of his intention to so turn, stop or change his course? Ans. No.

"No. 5. Did defendant, after the collision between the two cars, render any assistance to the occupants of the Moore car, if any assistance was necessary or required? Ans. No.

"No. 6. Did the defendant operate his automobile at a greater rate of speed, at the time and place alleged, at a greater rate of speed than 15 miles per hour? Ans. We can't tell."

Several special charges were tendered by the defendant, which will hereinafter be noted, and the court refused them. On the answers to the special issues submitted, the court entered a judgment for plaintiff for $195, together with interest and costs of the suit. The court further found that the defendant was operating his automobile at the time it collided with plaintiff's automobile in the public street in the town of Hamlin in violation of the city ordinances of said city and in violation of the laws of the state of Texas. Judgment was entered against defendant for said amount, and also against the sureties on his appeal bond from the justice court. From this judgment defendant has appealed.

The evidence showed that just before the collision appellant was driving south, and that on the front seat with him was F. A. Fuller, and that Mrs. Fuller and Mrs. Middleton were on the back seat; that Sherman Haughton was driving a Ford just in front of the Middleton car. The appellant's testimony tended to show that just as the Haughton car reached the cross-street, Haughton gave a signal, indicating his intention to turn west, or to the right; that Middleton prepared to pass to the left of Haughton's car and hastened his speed somewhat; that then Haughton turned his car somewhat to the left, and to avoid striking the Haughton car Middleton was forced to turn his car suddenly to the left and across the street. The Moore car, driven by the daughter of appellee, was going north, and the two cars collided. She testified that she was driving at a speed not exceeding five or six miles an hour, and was in intermediate gear; that she had just passed over the railroad, which was somewhat elevated, and had changed her gear into low, and at the time of the collision the gear was in intermediate; that the first time she saw the Middleton car it was coming right towards her, just east of a cement block in the middle of the street. There is some controversy as to whether the cross-street extends east of the main street running north and south; appellant's testimony tending to show that it does, and appellee's tending to show that it does not. That the Middleton car struck the radiator of her car and broke it in two or three places and pushed the fender in and sprung the body several inches, and that one of the tires was bursted. That Middleton did not sound his horn, or give any audible or visible indication that he was going to turn to the left. Appellant testified that when he saw that he was likely to run into the car, that he hallooed to Haughton to stop, and as he got by the Haughton car, turning to the left, he saw the Moore car coming north and hallooed to them to stop, and when he saw they were not going to stop he jerked his emergency brake, and about that time the Moore car hit his car; that the Moore car struck his fender about 10 inches from the footboard, and "it just whirled it right over, turned it bottom upwards"; that the "radiator struck the wheel and knocked it plumb under mine, under my spring I mean. It struck my wheel and throwed it under the spring and bent my axle backwards, that way."

[1] Appellant urges that since the appellee alleged in his petition that the Middleton car ran into the Moore car, and inasmuch as the evidence is conflicting upon the issue as to which car ran into the other, and inasmuch as he specially requested that this issue be submitted to the jury, the failure of the court to so submit it is error. The

majority conclude that the allegation in the petition that appellant's car ran into appellee's car is immaterial; that the essential question was as to who was responsible for the collision.

[2] It is further urged that the court should have charged the jury upon proximate cause, even though it be alleged that at the time appellant's car was being operated in violation of the laws of Texas and in violation of the city ordinances, and even though there be evidence to sustain such an allegation. In Payne v. Young, 241 S. W. 1094, 1097, the Beaumont Court of Civil Appeals, speaking through Justice O'Quinn, says:

"The court found that both appellant and appellee were guilty of negligence. Where an accident occurs at a railroad crossing by reason of a collision between the train and an automobile, and it appears that the railroad and the automobile driver are both guilty of negligence, it is a question of fact, to be found by the jury, and, in the absence of a jury, by the court, as to which negligence is the proximate cause of the injury. T. & N. O. Ry. Co. v. Harrington (Tex. Com. App.) 235 S. W. 188; Wells Fargo & Co. v. Benjamin, 107 Tex. 331, 179 S. W. 513."

In the cited case one of the allegations was that plaintiff was guilty of negligence per se, in failing to comply with a provision of the statute, and the jury found that he was guilty of negligence in the respect named.

In S. A. & A. P. Ry. Co. v. Behne, 231 S. W. 354, it is said by the Commission of Appeals, Section B:

"The holding of the Court of Civil Appeals is to the effect that the statute, noncompliance with which is the basis of the suit, was enacted for the protection of persons, as well as property, and that its violation constituted a wrongful act as a matter of law and imposed liability for any injury which could be traced to such unlawful act, regardless of whether the injury was one of a kind or nature which might have been foreseen or anticipated. * * *

"The conclusion thus reached is not in accord with the holdings of our Supreme Court. * * *

"When it has been once determined that the act or omission complained of is wrongful or negligent, whether as a result of failure to observe a statutory or common-law duty, liability, in either case, is limited to proximately caused injuries. And the rules for determining proximate cause are the same in either case"— citing cases.

In Hines v. Foreman (Tex. Com. App.) 243 S. W. 479, it was held that although the violation of a statute is negligence per se, in order to be actionable, it must be the proximate cause of the injury complained of, and the rules governing proximate cause apply alike to the violation of a statute and to common-law negligence, or the failure to use ordinary care. In the cited case the Commission of Appeals held that the finding of the jury "that the violation of a statute was the cause, or contributed to cause the injury, necessarily included a finding that it was a proximate cause of the injury, and, being a violation of the statute, a finding of negligence per se." See, also, Waterman Lumber Co. v. Beatty, 110 Tex. 225, 218 S. W. 363; Ry. Co. v. Emmett (Tex. Civ. App.) 139 S. W. 44. Appellee in answer to this assignment cites us to the case of Zucht v. Brooks, 216 S. W. 684, in which the San Antonio Court of Appeals says:

"If appellant caused the accident by turning his car to the left before reaching the center of the street, his act, being in violation of an ordinance, was negligence per se, and the court was not called upon to submit any issue as to whether such act was negligent. * * * Under the facts of this case, if the car was turned to the left before reaching the center of Commerce street, it was in violation of law, and was negligence, and if such unlawful turning was the cause of the accident, it was the proximate cause, whether it was the sole cause, or concurred with the negligence of the jitney driver."

The majority conclude that inasmuch as this cause was submitted on special issues, and inasmuch as the jury found that the defendant did not operate his car with due regard for the safety of other vehicles or traffic on the street, including the automobile of the plaintiff, and did not sound a bell, gong, horn, or whistle adequate in quantity and volume to give warning of his approach, and inasmuch as the jury found that the defendant did not have adequate brakes in good working order on his car, and did not, before changing his course, first see that there was sufficient space for the movement to be made in safety of other vehicles traveling on the street, and inasmuch as in the opinion of the majority the evidence does not raise the issue of contributory negligence on the part of the plaintiff, the failure of the court to submit a definition of proximate cause or contributory negligence becomes immaterial, or at least does not show reversible error. Therefore the second, third, fourth, and fifth propositions will be overruled.

[3] Under the ninth proposition, the appellant urges that the cause was not properly submitted to the jury, in that the issues submitted, and which the jury answered, did not include special issues made by defendant's pleading and supported by the evidence. Defendant submitted a special charge defining negligence, and stating that a violation of a positive statute or an ordinance of the city or town of Hamlin was negligence per se, and then asked the question if the acts of the defendant in turning to the left and crossing the street at the time of the collision between the plaintiff's and

the defendant's car was negligence. This charge was refused. It will be noted that the question of whether or not defendant was guilty of negligence in doing, or failing to do, the things alleged in the petition was not submitted to the jury. Nor did the jury find that any of the acts of omission or commission charged constituted negligence. It is urged that the only issue properly submitted was the sixth, to which the jury answered, "We can't tell." The majority conclude that the evidence without dispute showed that defendant did turn his car to the left and across the street, and inasmuch as there is evidence to sustain the finding of the jury that defendant's car was being operated at the time without due regard for the safety and convenience of other vehicles on the street, and that defendant did not sound a gong, whistle, or horn, and that his automobile did not have adequate brakes in good working order at the time of the collision, and inasmuch as the evidence is sufficient to sustain the finding of the jury that at the time the defendant turned his car to the left and across the street he did not first see there was sufficient space for the movement to be made in safety of other vehicles traveling on the east side of the street, and that under the circumstances defendant's act in turning to the left and across the street must have been the proximate cause of the collision, and that his negligence is shown by the testimony, that all assignments must be overruled and the judgment affirmed.

The writer cannot concur in the conclusion reached by the majority. He believes that the issues raised by defendant's pleadings, and supported in a measure by the testimony of defendant's witnesses, ought to have been submitted to the jury; that the court erred in submitting to the jury the question of whether or not the defendant, after the collision, rendered any assistance to the occupants of the Moore car, though no assignment is directed to the submission of this issue, for which reason this court cannot consider this error. But the evidence shows that after the collision a number of people gathered around, and that the friends of the occupants of the Moore car rendered the occupants all the assistance they needed, and that none of the occupants were injured in any way. If proper assignment was made to the submission of this issue, doubtless the majority would sustain it. In the opinion of the writer, it was error to submit issue No. 1 in the form it was submitted. There was no question that "at the time of the collision" the defendant's automobile was not being operated on the right side of the street. Owing to the alleged act of the driver of the Haughton car in giving a signal that he was going to turn to the right and then turning to the left, defendant was present with the alternative of running into the Haughton car, or abruptly turning to the left. The writer believes that the issues of whether the collision was the result of an accident, that is, an unforeseen or unexpected happening, of which the party's own conduct is not the proximate cause, and without negligence, should have been submitted. Without extending this opinion further, in the writer's opinion the judgment below should be reversed and the cause remanded. But the majority have ruled otherwise, and the judgment is affirmed.

BUCK, J., dissenting in part.