## TOWNS et al. v. TEXAS & N. O. R. CO.

### No. 3182.

Court of Civil Appeals of Texas. Beaumont.

Dec. 16, 1937.

Rehearing Denied Dec. 22, 1937.

Wilcox & Graves, of Georgetown, Joseph W. Hale, of Waco, and Lightfoot, Robertson, Saunders & Gano and Claude Williams, all of Fort Worth, for appellants.

Baker, Botts, Andrews & Wharton, of Houston, and Egbert Schweppe and Moursund, Ball Moursund & Bergstrom, all of San Antonio, for appellee.

O'QUINN, Justice.

This suit was filed by the appellants, Mrs. Lillian Towns, individually, and as guardian for her four minor children, against appellee, seeking to recover damages for the alleged negligent killing of Albert Towns, husband of plaintiff Lillian Towns and the father of Wilbur, Marion, Albert, Jr., and Elizabeth Sue Towns, minor plaintiffs.

For cause of action, among other things, appellants alleged:

"(3) It is further shown to the Court that Albert Towns was an employee of Brown & Root, Inc., on and prior to November 28, 1933; that the said Brown & Root, Inc., are and were at and prior to the time aforesaid General Contractors, and they were engaged on and prior to November 28, 1933, on a certain project in Kendall County, Texas; that in connection with such said project they maintained and were operating a rock and asphalt plant located at Welfare, in Kendall County, Texas; that said plant abutted on a side track of the line of railroad then being operated by the defendant through Welfare in Kendall County, Texas; that Albert Towns (hereinafter referred to as the deceased) was the Plant Foreman for said Brown & Root, Inc., and it was his duty to generally oversee and supervise the employees of Brown & Root, Inc., in the discharge of their duties; that there was situated on the side track aforesaid on the morning of November 28, 1933, a certain gondola car, which said gondola car was loaded with rock and asphalt, the same was being unloaded at and immediately prior to the time of the injuries hereinafter described; that while said gondola car was being so unloaded Albert Towns, the deceased, was standing near said gondola car and at the south end thereof; that the agents, servants and employees of the defendant were engaged in some kind of switching operation, and at and immediately prior to the time of the injuries hereinafter described, the agents, servants and employees of the defendant were moving a locomotive and a string of cars in a southerly direction, and along the side track aforesaid; that said locomotive was attached to said string of cars so that the string of cars were to the south of the locomotive, and said string of cars were being backed in a southerly direction, and they were being moved at a rate of speed of approximately seven or eight miles per hour, when said string of cars came in violent contact with the gondola car aforesaid, knocking the same against the person of Albert Towns, causing the wheel of said gondola car to pass over the body of Albert Towns, thereby inflicting upon him fatal injuries as hereinafter more particularly described.

"(4) It is further shown to the Court that the plant belonging to Brown & Root, Inc., was in operation at and prior to the time of the injuries herein complained of, and the operation of said plant resulted in much noise; that it was the duty of Albert Towns and of other employees of Brown & Root, Inc., to be on and near the side track aforesaid, and such facts were well known to the agents, servants and employees of the defendant at and prior to the time of the injuries herein complained of; and the agents, servants and employees of the defendant in charge of the switching operations aforesaid knew, or in the exercise of ordinary care should have known that the employees of Brown & Root, Inc., were engaged in the unloading of said gondola car; and they knew, or in the exercise of ordinary care should have known, that it was necessary and proper for employees of Brown & Root, Inc., to be in, upon and around said car at any time, and it was the duty of the agents, servants and employees of the defendant in their switching operations to keep a proper lookout under the existing circumstances for Albert Towns and for other employees of Brown & Root, Inc., who might be in, upon, or near said gondola car; and it was likewise the duty of the agents, servants and employees of the defendant to give warning to Albert Towns or to any other employee of Brown & Root, Inc., who might be in, upon or near said gondola car of the intention of the operatives of the defendant's train to couple on to said gondola car or to move the same, and if it was the intention of the operatives of the defendant's train to move said gondola car in a southerly direction along said side track, it was their duty before moving said gondola car to see that no person was standing to the south of said gondola car in a position of peril, and before moving said gondola car in a southerly direction along said side track, the defendant's operatives should have warned Albert Towns or any other employee of Brown & Root, Inc., of their intention to move said gondola car, but the defendant's agents, servants and employees failed to keep a proper lookout for Albert Towns and for the other employees of Brown & Root, Inc., who might have been standing at or near the south end of said gondola car, and they negligently and carelessly failed to blow the whistle on said locomotive and they negligently and carelessly failed to ring the bell on said locomotive at and prior to the time when the string of cars were propelled against the said gondola car; and said operatives of the defendant's train negligently and carelessly failed to reduce the speed at which said string of cars were being propelled at and immediately prior to the

time when the same were backed to come in contact with the gondola car aforesaid; and without giving warning of their intention to couple on the said gondola car, the operatives of the defendant's train caused said string of cars to come in contact with said gondola car while being propelled at a speed of approximately seven or eight miles per hour, thereby causing the injuries and damages herein complained of; and in this connection it is shown that if the operatives of defendant's said train had blown the whistle or rung the bell on the locomotive in question, and had given warning of their intention to couple on to said gondola car, or if they had made said coupling in the usual manner so as to stop said string of cars immediately after said coupling had been effected, and if after having effected said coupling a member of the train crew had looked to the south of said gondola car, all of which should have been done in the exercise of ordinary care, the injuries and damages herein complained of would not have occurred.

"(5) The specific acts and omissions on the part of the defendant, its agents, servants and employees herein complained of, are as follows:

"(a) Defendant, its agents, servants, and employees failed to blow the whistle on the locomotive in question at and prior to the time when the coupling in question was made.

"(b) The defendant, its agents, servants and employees failed to ring the bell on the locomotive in question at and prior to the time when coupling was effected.

"(c) The defendants, its agents, servants and employees failed to keep a proper lookout for the deceased at and immediately prior to the time when his injuries were sustained.

"(d) The defendant, its agents, servants and employees failed to warn the deceased, under the existing circumstances, of the approach of the string of cars in question.

"(e) The defendant, its agents, servants and employees failed to stop the locomotive and string of cars to which same was attached at and immediately after the time when the coupling in question was effected.

"(f) The defendant, its agents, servants and employees failed to keep a proper lookout for Albert Towns and for other employees of Brown & Root, Inc., before moving the gondola car in question.

"(f) The defendant, its agents, servants and employees were operating the locomotive to which a string of cars were attached, at an excessive rate of speed under the existing circumstances at and immediately prior to the time when said coupling was effected.

"That each act, whether omission or commission on the part of the agents, servants and employees of the defendant, as aforesaid, constituted and was negligence, and such negligence acting separately and concurrently, was the direct and proximate cause of the injuries, damages and death herein complained of, and but for which the same would not have occurred."

They further alleged facts relating to the car striking and running over Albert Towns, deceased, inflicting injuries resulting in his death, the expenditure of certain sums for his relief, and for which they sought recovery; the age of plaintiff Lillian Towns, his life expectancy, and that but for his death he would have continued to support throughout his life said Lillian Towns and said minors until they reached their majority, and would have educated, counseled, and advised with said minors; and that by his death, caused by the negligent acts of appellee, plaintiffs had suffered damages in the sum of $25,000, for all of which they asked judgment.

The Traders & General Insurance Company, with leave of the court, intervened in the suit, alleging that Brown & Root, Inc., was the employer of Albert Towns, deceased, at the time of his injury, and that said Brown & Root, Inc., carried compensation covering its employees, including Albert Towns; that it recognized its liability as insurer of said Albert Towns, and that it had paid, as it was bound to do under its contract of insurance, the items of expense set forth in the petition of plaintiffs for the benefit and burial of Albert Towns, amounting to $1,326.80; that the injuries for which it had paid compensation and hospital and medical treatment were caused by the negligent acts of appellee, as alleged by appellants, and the allegations in whose petition it fully adopted as its own, entitled it to recover by reason of subrogation to the rights of Alfred Towns, deceased, for which it prayed judgment.

The defendant, appellee, answered by general demurrer to plaintiffs' petition, and general demurrer to the petition of intervener, several special exceptions; general

denial of the allegations of plaintiffs' petition, and of the allegations of the intervener; specially denied that it or any of its agents, servants, or employees were negligent in any particular alleged by plaintiffs; that deceased, Albert Towns, for many weeks had been employed by Brown & Root, Inc., working at their plant situated on the east of the siding on which the injury occurred, prior to the day of the accident, and that he had full knowledge of the location of the machinery, equipment, and buildings of Brown & Root, Inc., upon said plant site, and full knowledge of the nearby siding and tracks of defendant, and full notice and knowledge of the usual and customary procedure with reference to the usual switching operations performed on said siding and switches, and that on the occasion involved same were done in the usual and customary way, and that at the time of the accident, and before and up to the time deceased was injured, he had full notice and knowledge, or by the exercise of that care which a person of ordinary prudence would have exercised under like or similar circumstances, would have known that the train was engaged in switching operations on the siding or switch track, and that in connection therewith the car by which deceased was injured would in all probability be bumped into or moved; and yet deceased placed himself in a position of danger behind or in close proximity to the south end of said car, and thereby assumed all risk therefrom; that the injuries sustained by deceased were proximately caused by, or contributed to by, the negligence of deceased in that:

(a) He failed to keep a proper lookout for the approach of the cars and engine which struck the car by which he was injured.

(b) He failed to listen for the approach of the engine and cars which struck the car by which he was injured.

(c) He failed to keep such lookout for the approach of the engine or cars as a person of ordinary prudence would have kept under the same or similar circumstances.

(d) He voluntarily went behind or in close proximity to the south end of the car by which he was injured and put himself in a place where he would be struck by such car should it be moved southward, and thereby placed himself in a position of danger.

(e) He voluntarily put himself in a place where he could not be seen by any member of the train crew occupying the usual and customary positions while engaged in switching operations at said siding.

(f) He put himself behind or near the south end of the car by which he was injured, without notifying anyone connected with the defendant that he intended to do so.

(g) He failed to cause the plant machinery to be shut down on the occasion involved and before placing himself in a position of danger at or behind the south end of the car by which he was injured.

(h) He went upon the side track behind or in close proximity to the south end of the car which struck him, when he knew, or by the exercise of ordinary care would have known, that switching operations were in progress.

(i) He failed to inquire of the train crew concerning switching operations before going behind or near the south end of the car by which he was injured.

Other grounds of contributory negligence were alleged against the actions or failure to act of deceased, which, in the main, were in substance the same as above stated.

After the evidence was closed, on motion of the defendant, appellee, the court instructed the jury to return a verdict for the defendant. This over the objections and exceptions of the parties plaintiff that the acts of negligence alleged against the defendant were questions of fact for the jury, and that all matters of contributory negligence plead by defendant against deceased as grounds denying any recovery against appellee, were also questions of fact for the jury and could not be withdrawn from the jury and determined by the court.

As above stated, the court instructed the jury to return a verdict for the defendant, appellee. This was done and judgment entered denying them any recovery. Motions (for plaintiffs and intervener) were overruled, and we have the case on appeal.

Appellants present five propositions; all, in different ways, complain that the court erred in instructing the verdict. The rule is well settled that where an instructed verdict has been given the complaining party is entitled to have the evidence viewed in the light most favorable to him. The statement of facts is quite long—consisting of more than 400 typewritten pages. We shall not undertake to quote from it, but state our conclusions

from a careful inspection of same. As we understand the record, there was no eyewitness to the actual manner in which deceased was struck and injured. There were several persons very near to the scene of the accident who were familiar with the location of the different objects on the ground, and who saw deceased just before and the instant after he was struck. They testified fully on both sides. Where an accident, such as disclosed by the record in the instant case, happens, and where there was no witness to the accident who could describe how it was done and why, and where it may be reasonable to conclude from the facts and circumstances attending the accident shown that the injury resulted from the negligence of the defendant and that such negligence was the proximate cause of the injury, a fact question is necessarily raised requiring the court to submit the issue to the jury for their determination. Courts are never justified in taking a case from the jury when negligence · and proximate cause on the one hand, or contributory negligence on the other, are to be inferred or concluded from the circumstances proven unless the circumstances conclusively show that there could not have been any negligence on the part of the defendant which was a proximate cause of the injury, or unless the circumstances conclusively show that the accident causing the injury would not have happened except for the contributory negligence of the party complaining. A careful consideration of all the facts and circumstances in evidence convinces us that under the pleadings and the evidence the issues of negligence and proximate cause were raised, and so. it was error for the court to instruct a verdict for the defendant. Houston, E. & W. T. Ry. Co. v. Boone, 105 Tex. 188, 146 S.W. 533; International & G. N. Ry. Co. v. Vallejo, 102 Tex. 70, 73, 113 S.W. 4, 115 S.W. 25; Bock v. Fellman Dry Goods Co., Tex.Com.App., 212 S.W. 635.

We think it likely that the court may have given the instructed verdict because he thought from the circumstances in evidence that deceased was guilty of contributory negligence and so plaintiffs were not entitled to recover. The facts and circumstances in evidence were not such as that contributory negligence as a matter of law would follow. Whether deceased by his acts contributed to his own injury was a question of fact for the jury. Con-

tributory negligence will not be presumed from the mere fact of an accident or injury. In the absence of evidence to the contrary, the presumption is that the injured party, at the time of his injury, was exercising caution to prevent injury to himself, and that he conducted himself as a prudent person would under the same or similar circumstances. In other words, contributory negligence cannot be presumed; it must be proved, and is a question of fact for the jury. Wells Fargo & Co. v. Benjamin, Tex.Civ.App., 165 S.W. 120; Id., 107 Tex. 331, 179 S.W. 513. Jacksonville Ice & Electric Co. v. Moses, 63 Tex.Civ. App., 496, 134 S.W. 379, writ refused. 30 Tex.Jur. § 138, p. 813.

From what we have said it follows that the judgment should be reversed and the cause remanded for another trial, and it is so ordered.

Reversed and remanded.